UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| ROBERTO FRANCISCO CABRERA | : | DOCKET NO. 2:05-cv-1836<br>Section P |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| ALBERTO GONZALES, ET AL. | : | MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

Currently before the court is a petition for writ of *habeas corpus* filed on behalf of petitioner, Roberto Francisco Cabrera, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner was ordered removed from the United States on February 14, 2005 by an immigration judge in Oakdale, Louisiana. He appealed this decision to the Board of Immigration Appeals. While his appeal was pending, this petition for writ of *habeas corpus* was filed on behalf of petitioner in the United States District Court for the Eastern District of New York on June 24, 2005. In this petition, the petitioner challenges his removal proceedings, the decision of the immigration judge, the classification of his criminal behavior as an aggravated felony, and his detention during the pendency of his removal proceedings. He requests that his removal proceedings be terminated, that he be declared a national of the United States, and that he be released from custody.

In order to determine what action to take with respect to the petition, the court in New York ordered the government to show cause why the writ should not be granted. On July 19, 2005, an answer was filed on behalf of the respondents by the United States Attorney's Office for the Eastern

District of New York. In this answer, the respondents sought (1) dismissal of the portion of the petition which challenged the order of the immigration judge because petitioner had not yet exhausted the available administrative remedies and (2) transfer of the portion of the petition which challenged petitioner's detention. The petitioner did not oppose a transfer to the United States District Court for the Western District of Louisiana, and by order dated October 4, 2005, the district judge in New York transferred the entire petition to this court. It was received and filed here on October 11, 2005.

On October 31, 2005, the Board of Immigration Appeals dismissed petitioner's appeal of his removal order.[1]

## LAW AND ANALYSIS

### I. Challenge to Removal Order

As a threshold matter, this court must consider its jurisdiction to review petitioner's challenge to his now final removal order.

On May 11, 2005, President Bush signed into law the "REAL ID Act of 2005. *See* Pub.L.No.109-13, Div. B, 119 Stat. 231.[2] Section 106 of this Act specifically addresses judicial review of removal orders. Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a)[3] to

---

[1] This fact is not presented in the petition, but it was verified by the undersigned's office with the Immigration Court Information System, a telephonic, computerized service that provides status reports on past and pending immigration proceedings. This system may be reached at 1-800-898-7180, and it requires the petitioner's alien number.

[2] The "Real ID Act of 2005" is Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005" (Public Law 109-13).

[3] Section 106(a)(1)(A)(iii) of the Real ID Act adds the following language to INA § 242(a):
(5) EXCLUSIVE MEANS OF REVIEW.-- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361

2

clarify that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order. These jurisdictional amendments became effective upon enactment of this Act. *See* § 106(b).

In light of this recent legislation, the undersigned finds that this court lacks jurisdiction to consider petitioner's *habeas corpus* petition to the extent it challenges his removal order.

Further, because this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case, and the petition should be dismissed for lack of jurisdiction to the extent that it challenges petitioner's removal order.[4]

## II. Challenge to Detention

In his petition, the petitioner also challenges his mandatory detention during the pendency of removal proceedings. From the facts summarized above, it is clear that at the time petitioner filed his petition on June 24, 2005, his removal proceedings were not yet final and that he was detained pursuant to the mandatory detention provision of INA § 236(c). However, petitioner's removal order became final on October 31, 2005 when the BIA dismissed petitioner's appeal. Therefore, petitioner's detention is now governed by §241 of the INA, and any challenge he makes to his detention under

---

and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

[4]Section 106(c) of the Real ID Act states as follows:
(c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, **is pending in a district court on the date of the enactment of this division**, **then the district court shall transfer the case** (or the part of the case that challenges the order of removal, deportation, or exclusion) **to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act** (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply. (emphasis added).

3

§236(c) is moot.[5]

To the extent that this petition can be construed as a challenge to petitioner's post-removal-order detention pursuant to INA § 241, such a challenge is premature as petitioner has not been in post-removal-order detention for more than six months. *Zadvydas v. Davis,* 121 S.Ct. 2491, 2505 (2001)(6 month removal period presumed to be reasonable).

For these reasons, it is

RECOMMENDED that this petition be DENIED AND DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15th day of November, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[5]Even if the petitioner's challenge to his detention pursuant to § 236(c) were not moot, the court would find that this challenge lacked merit. The constitutionality of mandatory detention during the pendency of removal proceedings pursuant to INA § 236(c) was considered by the United States Supreme Court in *Demore v. Kim,* 123 S.Ct. 1708 (2003) and found to be constitutional.